**Milford JONES, Appellant,**

v.

**Gerol L. GOODLOVE, Mary Goodlove, and Jeffrey Lee Goodlove, by Gerol L. Goodlove, His Father and Next Friend, and Peter Lundmark, Appellees.**

**No. 17551.**

United States Court of Appeals
Eighth Circuit.

July 8, 1964.

Robert C. Tilden, Cedar Rapids, Iowa, made argument for appellant and filed brief.

Kenneth L. Moon, Cedar Rapids, Iowa, made argument for appellees Goodlove and filed brief.

Ralph W. Gearhart, of Shuttleworth & Ingersoll, Cedar Rapids, Iowa, made argument for appellee Peter Lundmark and filed brief with James H. Carter, of Shuttleworth & Ingersoll, Cedar Rapids, Iowa.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

MATTHES, Circuit Judge.

This diversity action, removed from an Iowa district court, arose from a three-automobile collision which occurred on Primary Highway No. 20 within or near the corporate limits of the Town of Moorland, Iowa.

Appellees Goodlove were proceeding eastwardly in the south lane of traffic about 10 to 12 car lengths behind the eastbound automobile which was being driven by appellant Milford Jones. As Jones was making a gradual left turn across the north or westbound traffic lane and into a gravel filling station driveway, a collision occurred between the Jones automobile and the westbound automobile being driven by appellee Peter Lundmark. The Lundmark automobile caromed off the Jones automobile and then collided with the Goodlove automobile in the south or eastbound lane of traffic.

Three of the occupants of the Goodlove automobile, Gerol L., the driver; Mary, his wife; and Jeffrey Lee, their son, were injured and sued Jones and Lundmark to recover damages. Jones and Lundmark filed cross-claims against each other. The case was tried to the court and a jury and the Goodloves recovered a verdict against Jones for damages totaling $19,321.02, and Lundmark obtained a verdict for $3,537.50 against Jones. From the judgment entered on the verdict, Jones has appealed.[1]

No question is presented on this appeal as to the sufficiency of the evidence to support the verdict and judgment. The points relied upon by appellant for reversal and for another trial place in issue: (a) rulings of the court in admitting and excluding evidence; (b) the correctness of the court's charge to the jury.

One of the pivotal issues bearing materially upon Lundmark's legal responsibility for the collisions, and which the jury had to resolve, was the speed of Lundmark's vehicle in the 45 m. p. h. posted speed zone as it approached appellant's automobile while the latter was in the process of making the left turn into the filling station driveway. More specifically, the question was whether Lundmark was complying with the speed law of Iowa at and immediately prior to the time of the occurrence. The speed of the Lundmark automobile was estimated to be 60 to 80 m. p. h. by Mr. Goodlove; at 60 m. p. h. by one of the occupants of plaintiffs' automobile and at least 60 m. p.

---

1. For convenience, we shall refer to Jones as "appellant," appellees Goodlove as "plaintiffs" and appellee Lundmark by his surname.

h. by appellant Jones; and at 43 to 45 m. p. h. by appellee Lundmark and by Mrs. Lundmark, who was a passenger in the Lundmark automobile. The highway patrolman, who was not an eyewitness to the collision but who made an investigation of the accident, was permitted to testify that in his opinion the Lundmark automobile was traveling at approximately 45 m. p. h. According to the patrolman, the Lundmark automobile skidded 90 feet before it came into contact with the Jones automobile, and there was evidence showing that after the first collision Lundmark's automobile traveled 114 feet before colliding with the Goodlove automobile.

In the foregoing factual setting relating to speed of the Lundmark vehicle, the court gave Instruction 24, which reads as follows:

"The laws of Iowa provide that at the time and place and with the motor vehicles involved in this case, any speed not reasonable and proper having due regard for the traffic, surface and width of the highway and of any other conditions then existing and greater than 45 miles per hour was unlawful.

"If you find from all the evidence that the defendant Peter Lundmark failed to comply with this provision of the law, he would be guilty of negligence."

The applicable speed standards, statutory in origin, are to be found in § 321.-285, Iowa Code, as amended, I.C.A., which provides in pertinent part that a person operating a motor vehicle on a highway must drive at a:

"* * * careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing."

and in § 321.290, Iowa Code, as amended, I.C.A., providing in pertinent part that

the state highway commission shall have the power to declare reasonable and safe speed limits on any part of the primary road system:

"* * * which shall be effective when appropriate signs giving notice thereof are erected * * *."

It is uncontroverted that the speed limit for Primary Highway 20, where the collision occurred, had been established at 45 m. p. h. and that the speed zone had been and was posted with appropriate signs.[2] Additionally, all parties are in accord that the evidence warranted submission to the jury of both statutory speed standards, and the only controversy in this regard below and on appeal concerns whether Instruction 24 *properly* submitted both standards.

Proper exception was taken by appellant to the giving of Instruction 24, and on this appeal appellant vigorously contends that the instruction was prejudicially erroneous because: (a) it failed to separate and distinguish the two separate and distinct speed standards, i. e., (1) reasonable and proper speed, and (2) speed not greater than 45 m. p. h.; (b) it referred to the two standards as a single standard; (c) it submitted the speed standards conjunctively so as to require the jury to find both standards had been violated before Lundmark would be guilty of negligence.

The Iowa Supreme Court has unequivocally held that where a statute fixes the standard of care required under given conditions, a violation of the statute—without legal excuse—constitutes negligence per se. Kisling v. Thierman, 214 Iowa 911, 243 N.W. 552, 554 (1932); Danner v. Cooper, 215 Iowa 1354, 246 N. W. 223, 229 (1932); Florke v. Peterson, 245 Iowa 1031, 65 N.W.2d 372, 373 (1954); Wachter v. McCuen, 250 Iowa 820, 96 N.W.2d 597, 599 (1959), where the court said:

"In the often cited case of Kisling v. Thierman, 214 Iowa 911, 243 N.

2. The highway patrolman testified that the 45 mile speed zone extended for about one-half mile to the east and about one-half mile to the west of the entrance to the filling station.

W. 552, we undertook to lay down a rule for the guidance of drivers and of litigants in this class of negligence cases. With one exception not material here we said that failure to obey statutes or ordinances governing the use of vehicles on the highways is negligence, not merely prima facie evidence thereof. 214 Iowa at page 915, 243 N.W. at page 554, supra. Since then we have followed that rule." [3]

■■ From the foregoing, it would seem to follow that where, as here, violation of Iowa statutory rules of the road is in issue and there is evidence from which the jury could find a violation of more than one statutory standard, the submission of each of the violated standards should be in clear, concise and understandable language. After careful analysis of Instruction 24, we conclude that it fails to meet this test. It is abundantly clear from the record that the court was endeavoring by this instruction to submit two statutory standards (reasonable and proper speed, § 321.285, and speed in excess of 45 m. p. h., § 321.290), and to further instruct the jury that the violation of *either* standard constituted negligence on the part of Lundmark. However, even a casual reading of the instruction demonstrates it falls short of this mark. The instruction is far from a model of clarity—it lends itself to confusion and misunderstanding. Indeed, a jury composed of reasonable intelligent individuals *could* understand the instruction to mean that even though Lundmark was exceeding the 45 m. p. h. speed limit, nevertheless, if he were operating his automobile at a reasonable and proper speed, having due regard for the traffic and highway conditions, then he was not negligent. That is to say, the instruction was susceptible to the interpretation that only one speed standard was to be considered by the jury. The first paragraph of the instruction is certainly subject to such meaning, and incorporation of the singular phrase *"this provision* of the law" in the second paragraph serves to emphasize that only one speed standard was submitted; at least, the jury could have so interpreted the instruction.

■ Appellee Lundmark has made a feeble and unpersuasive effort to demonstrate that Instruction 24 constitutes a correct declaration and submission of both speed standards. He asserts that "whether these two standards are combined in one instruction or set forth separately is largely a matter of form," and cites our case of Louisville & N. R. Co. v. Botts, 8 Cir., 173 F.2d 164, 169 (1949). This case stands for the salutary principle that form of an instruction does not require reversal. The principle has no application here because we are not dealing with a question going to the *form* of an instruction but rather to the *substance* of the matter that is submitted for the jury's consideration.[4]

■ On the other hand, plaintiffs attempt to justify the giving of the instruction on the theory that it met the approval of one of appellant's attorneys. The difficulty is that the record is wholly insufficient to warrant us in concluding that the instruction satisfied appellant.

■ Conceding with commendable candor on oral argument that "I do not

---

3. We note that in the recent case of McMaster v. Hutchins, 120 N.W.2d 509, 513 (1963), the Supreme Court of Iowa held that violation of Iowa Code, § 321.298, I.C.A., requiring motorists meeting each other on the highway to give one half the traveled way by turning to the right, is only prima facie evidence of negligence, not negligence per se. See Jenkins v. Bierschenk, 8 Cir., 333 F.2d 421 (opinion filed June 22, 1964). Compare also, France v. Benter, Iowa, 128 N.W.2d 268 (May 5, 1964).

4. Subsequent to the submission of this appeal, appellee Lundmark by letter referred us to Ness v. H. M. Iltis Lumber Company, Iowa, 128 N.W.2d 237 (1964) for the Iowa Supreme Court's view on the use of "or" and "and" in instructions. The determination in Ness—in the factual framework of that case—lends no support to upholding Instruction 24 here.

like Instruction 24," able counsel for plaintiffs sought to escape its harmful effect by arguing that plaintiffs were innocent of any wrongdoing in connection with the collision; that they have legitimate claims; that they did not contribute to any of the material errors complained of and that it would be unfair to them to reverse the judgment and remand the cause for another trial. Sympathetic understanding for the plight in which plaintiffs find themselves, of course, affords no legal basis for judicial sanction of an instruction which patently fails to correctly declare the law and which could have misdirected the jury in regard to a crucial issue in the case. It, of course, goes without saying that if the speed standards had been laid down properly, the jury might have taken a different view of Lundmark's right to recover from appellant, and of Lundmark's liability to plaintiffs.

Appellant also contends that the trial court erred in admitting over objection and then in failing to strike the opinion testimony—based mainly on skid marks —relating to the speed of Lundmark's vehicle given by the highway patrolman who investigated the accident. Since this question could arise again upon retrial, we feel obliged to briefly comment upon it.[5]

■■■ In essence, appellant asserts that the patrolman failed to qualify as an expert, that his testimony relating to the speed of Lundmark's vehicle was an "irresponsible guess," and that "it is unrealistic to permit such testimony on such a crucial issue on the theory that the witness' lack of knowledge or training can be shown by cross-examination and this will simply go to the weight of the evidence rather than its admissibility." Once again we reiterate that "this court is committed to the view that expert testimony is not vulnerable to an objection that it invades the province of the jury; that the qualification of the expert and the question of whether expert opinion upon the subject matter should be permitted are questions which should be determined by the trial court in the exercise of sound discretion. The trial court's ruling upon the admissibility of expert testimony will not be disturbed upon appeal in the absence of a clear showing of abuse of discretion." Rhynard v. Filori, 8 Cir., 315 F.2d 176, 178 (1963). Compare also, Lofton v. Agee, 8 Cir., 303 F.2d 287, 288 (1962); Solomon, Dehydrating Company v. Guyton, 8 Cir., 294 F.2d 439, 443–444 (1961), cert. denied, 368 U.S. 929, 82 S.Ct. 366, 7 L.Ed.2d 192 (1961); and Een v. Consolidated Freightways, 8 Cir., 220 F.2d 82, 87 (1955). Of course, a trial court may abuse its discretion by allowing a seemingly qualified expert to exceed the permissible bounds of opinion testimony and enter into the realm of utter speculation and conjecture.[6]

We make no determination whether the trial court here abused its discretion in admitting the patrolman's testimony. However, in light of various statements of the patrolman on cross-examination,

---

5. Inasmuch as the parties cite several cases on this issue from state jurisdictions other than Iowa, as well as Iowa and federal authorities, we call attention to Rule 43(a), Fed.R.Civ.P., providing in part:

"* * * All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs * * *. The competency of a witness to testify shall be determined in like manner."

6. Subsequent to the submission of this appeal, our attention has been directed to Brown v. Guiter, Iowa, 128 N.W.2d 896 (June 9, 1964), wherein the Iowa Supreme Court upheld the trial court's ruling excluding the opinion of a police officer relating to the speed of the involved cars at the time of collision. However, as previously noted, footnote 5, supra, the question whether evidence is admissible is not necessarily controlled by state law.

which to some degree rendered suspect the patrolman's competency to determine from physical evidence the speed of Lundmark's automobile, we are of the view that in the application of its discretion in any future trial of this case, the trial court should carefully scrutinize the patrolman's qualifications and the permissible extent of his testimony.

Since other alleged errors relied upon by appellant can be avoided or are of a nature that they are not likely to recur upon retrial, we deem it unnecessary to discuss them.

The judgment is reversed and the cause remanded.