**UNITED STATES of America**
**v.**
**Allen John BAMBERGER et al.**
**Appeal of Ronald REED.**
**No. 71–1113.**

United States Court of Appeals,
Third Circuit.

Argued March 24, 1972.

Decided May 22, 1972.

See also 3 Cir., 456 F.2d 1119.

Lawrence Friedman, Newark, N. J., for appellant.

**1278**

John J. Barry, Asst. U. S. Atty., Chief, Appeals Div., Newark, N. J., for appellee.

Before SEITZ, Chief Judge, and ADAMS, and HUNTER, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

Four men robbed the Hackensack Trust while a fifth man waited outside in the getaway car. All five were convicted under a two count indictment charging them with bank robbery and putting lives in jeopardy under 18 U.S.C. § 2113(a) and (d). The convictions of the actual robbers were affirmed by this court. See United States v. Bamberger et al., 456 F.2d 1119 (3 Cir. 1972). This is the appeal of the defendant Reed, the alleged driver of the getaway car, who was charged as an aider and abettor. 18 U.S.C. § 2.

Defendant contends that the evidence was insufficient to sustain his conviction under either count. We first consider the evidence connecting defendant with the bank robbery count.

A government witness testified he saw men emerge from the bank, two with money bags and one with a gun. He saw them enter the getaway car, a brown four door Oldsmobile with a driver. At the trial he identified one of the defendants as one of the men he saw emerging from the bank. Another government witness, officer Cebula, was driving a police car when he received a radio call to be on the lookout for five suspicious colored males in the vicinity of the Trust Company. He was only two blocks away at the time and proceeded to the bank where he saw a brown Oldsmobile containing five colored males leaving the bank parking lot. A third prosecution witness was Officer Reid who picked up the pursuit of the getaway car right after some of its occu-

pants shot Officer Cebula a few blocks from the scene of the robbery. As Reid arrived the getaway car passed within three or four feet of his car and he got a "good look" at the driver, whom he identified at trial as the defendant.

■ We think the testimony we have delineated fully justified the defendant's conviction under Count 1 of being an aider and abettor to the bank robbery. Defendant attacks the substantiality of the trial identification testimony but we think it was sufficiently strong to be a matter for jury evaluation.

■ Count II was based on putting in jeopardy the lives of various employees of the bank and Officer Cebula. The evidence previously narrated plus the actions of the other defendants while in the bank warranted defendant's conviction of having aided and abetted the principals in putting the lives of the bank employees in jeopardy.

■ Defendant argues that the shooting of Officer Cebula was not part of the robbery but was a separate, uncharged crime. From this premise he argues that the shooting evidence was prejudicially inadmissible. We cannot agree. Initially, as we have indicated, we think the evidence as to putting the lives of the bank employees in jeopardy was sufficient to justify the conviction under Count II. Furthermore, we are satisfied that the shooting of Officer Cebula was sufficiently related in time and circumstances to the actual robbery to be encompassed within 18 U.S.C. § 2113(d).

■ Defendant contends that paragraph (e) [1] of Section 2113 shows that it was not intended that this shooting be covered by paragraph (d). If defendant is correct the non-fatal shooting of the officer would not be covered by any part of § 2113 because paragraph (e) has no application to the present facts. While

---

1. "(e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct."

there must of course come a point when the statute no longer covers the activities of a bank robber, we think that point was not reached here. It follows that the evidence surrounding the shooting was admissible.

Defendant also attacks the pretrial photographic identification, relying primarily on United States v. Zeiler, 427 F.2d 1305 (3 Cir. 1970). First, the identification procedure here preceded Zeiler. In any event, the decisive answer is that Zeiler is no longer the law in this Circuit. United States ex rel. Reed v. Anderson, 3 Cir., 461 F.2d 739 (Filed April 11, 1972). To the extent the issue turns on Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) we need only say that the photographic identification was not shown to have been impermissibly suggestive.

The other issues raised by defendant are without merit. Many are disposed of by this court's opinion affirming the convictions of the other defendants.

The judgment of the district court will be affirmed.