**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Edward COULTER, Defendant-Appellant.**

No. 72-2897.

United States Court of Appeals, Ninth Circuit.

Feb. 5, 1973.

Rehearing Denied March 15, 1973.

---

1. In the present case, petitioner was represented by counsel at the time his guilty plea was made.

John J. Cleary (argued), of Federal Defenders, Inc., San Diego, Cal., for defendant-appellant.

Thomas M. Coffin, Asst. U. S. Atty. (argued), Catherine Chandler, Stephen G. Nelson, Asst. U. S. Attys., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS and TRASK, Circuit Judges, and BYRNE,* District Judge.

CHAMBERS, Circuit Judge:

Coulter was charged with and convicted of the robbery of a savings and loan association, during which a person's life "was put in jeopardy." We affirm.

The "stickup" was done by a confederate, Murtagh, in the presence of Coulter. A shoe salesman next to the savings and loan building spotted the getaway car and took its license number, which led to Coulter's apprehension. Prior to the trial, Verdugo, the salesman, received from the savings and loan company a $700.00 reward. Upon arrest, Coulter, after being adequately advised of his rights, made an oral statement, but refused to sign a written waiver.

The indictment in this case charged that Coulter and Murtagh violated 18 U.S.C. § 2113(a) and (d) by holding up a federally insured savings and loan association and, in the course of that holdup, putting in jeopardy the life of the teller they robbed. Section 2113(d) would permit the charging of assault as well as putting life in jeopardy; however, the indictment here did not charge assault. Nevertheless, the trial judge instructed the jury on assault. Coulter's counsel did not object to the instruction, and in fact agreed to giving it. Coulter suggests that such an instruction is erroneous since it has the effect of broadening the indictment returned by the grand jury.

■ Coulter invites us to follow the lead of the third circuit and find that such error is reversible as "plain error" where no objection is raised at trial. United States v. Roach, 321 F.2d 1 (3d Cir. 1963). We decline the invitation. First, since this error was one of several that the court in *Roach* found to be reversible, we are not positive that the case would have been reversed on that point alone. More fundamentally, however, we do not agree with the reasoning of that case. The third circuit relied on Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1961). In *Stirone* an objection was made at trial. Further, the distinction between "putting a life in jeopardy" and "assault" is not a difference of great magnitude. Assault as used in § 2113(d) requires "an intent to, and in fact generating a reasonable apprehension in a victim . . ." plus "a threat or attempt to inflict bodily harm coupled with the present ability to commit violent injury upon the person of another." Bradley v. United States, 447 F.2d 264, 273 (8th Cir. 1971).

■ Putting life in jeopardy, on the other hand, requires "a holdup involving the use of a dangerous weapon actually so used during the robbery that the life of the person being robbed is placed in an objective state of danger." Wagner v. United States, 264 F.2d 524 (9th Cir. 1959).

■ The distinction between "assault" and "put life in jeopardy" as used in § 2113(d) is elusive and overlapping. In fact, the latter may well include the former, a question we do not decide. What we do decide is that the inclusion of an assault instruction where only putting life in jeopardy is charged in the indictment was not plain error on the facts of this case.

There was sufficient evidence that Coulter's partner used a gun to get the money. The teller's testimony, together with Coulter's statement to the FBI that Murtagh used a gun, are sufficient to support the verdict.

* The Honorable William M. Byrne, Senior United States District Judge for the Central District of California, sitting by designation.

The finding that Coulter's statement was given voluntarily was correct beyond a reasonable doubt. See United States v. Glasgow, 451 F.2d 557 (9th Cir. 1971).

Since Verdugo had already received his reward before trial and it was not contingent on conviction, there was no abuse of discretion in limiting cross-examination.