**UNITED STATES of America,
Appellee,**

v.

**Richard Otto PIETRAS, Appellant.**

**No. 74–1098.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1974.

Decided July 30, 1974.

Rehearing Denied Aug. 23, 1974.

Certiorari Denied Dec. 16, 1974.
See 95 S.Ct. 660.

C. J. Schauss, Mandan, N. D., for appellant.

David Peterson, Asst. U. S. Atty., Fargo, N. D., for appellee.

Before LAY, HEANEY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

Richard Otto Pietras was charged in a six-count indictment with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 924(c); jeopardizing the lives of others in the commission thereof, in violation of 18 U.S.C. § 2113(d); kidnapping in an attempt to avoid apprehension for the offense, in violation of 18 U.S.C. § 2113(e); transportation of a firearm in interstate commerce by a convicted felon, in violation of 18 U.S. C. § 922(g); transportation of a stolen motor vehicle in interstate commerce, in violation of 18 U.S.C. § 2312; and possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). The interstate transportation of a firearm by a convicted felon count was severed from the remaining five counts for trial. The jury returned a verdict of not guilty on the interstate transportation of a stolen motor vehicle count and guilty on the other four counts. From a judgment of conviction pursuant thereto, Pietras appeals. We affirm the judgment of conviction with modification.

On June 28, 1973, Pietras entered the Sterling Branch of the State Bank of Burleigh County, North Dakota. At gunpoint, he forced the two bank tellers located therein to empty their cash drawers of approximately $3,500. After learning that the remainder of the bank's cash was locked in a time-lock safe, he forced the two tellers into a vault, locked it, and fled in a van which he had parked outside.

Less than half an hour afterwards, the van was spotted by law enforcement officer Lowthers near McClusky, North Dakota. He signaled the van to stop, departed his squad car, and approached the van to ask the driver for his operator's license. Upon doing so, he was met with a shot from a pistol held by Pietras. The van sped off. Officer Lowthers fired several shots at the van and then fell unconscious. Two witnesses to the occurrence from another vehicle came to his aid.

Pietras had been wounded by one of Lowthers' shots and within a few miles, for reasons that are unclear, the van left the road and skidded toward a slough. It was shortly thereafter discovered by North Dakota Highway Patrolmen. In the meantime, Pietras abandoned the van and approached a nearby farmhouse where he forced the occupants, the Reiswigs, at gunpoint, to dress his wound and drive him in the direction of the Canadian border. Later that afternoon,

Pietras released the Reiswig couple and gave them $100 for bus tickets home. He crossed into Canada and was eventually apprehended by a Royal Canadian Mounted Police Officer. At the time of his apprehension he was on foot and carried a bag containing $3,189 in American currency.

On appeal Pietras challenges the court's failure to sever the unregistered firearm violation count of the indictment for trial; the sufficiency of the evidence to sustain a guilty verdict for the firearm violation; the court's failure to grant a mistrial on the basis that the government introduced proof relating to the injury of Officer Lowthers yet such injury allegedly was not cognizable as a federal offense under 18 U.S. C. § 2113; and the pyramiding of sentences, though concurrent, under Counts I, II, and III of the indictment relating to the bank robbery.

*Motion for Severance*

 Pietras attempted to elicit a severance of Count VI, relating to possession of an unregistered firearm, from the other remaining counts on the bases that the offense in question was provable only through circumstantial evidence and that the weapon was not used in connection with the robbery charged in Counts I, II, and III.

Fed.R.Crim.P. 8(a) provides that two or more offenses may be charged in the same indictment if they are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions constituting parts of a common scheme or plan. The separate offenses here are based on the same transaction. Possession of the unregistered firearm derives from the firearm's presence in the van which Pietras employed as a means of escape. There

is no prerequisite to joinder that the firearm be used in the commission of the robbery.

 The joinder practice under Rule 8(a) is safeguarded from abuse by the limitation contained in Fed.R.Crim. P. 14 which provides in part:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Ordinarily, where the separate offenses arise within the same transaction, the government should not be required to prove up the same facts in separate trials. 8 J. Moore, MOORE'S FEDERAL PRACTICE ¶ 8.05[2] at 8–19 (2d ed. 1973). Moreover, severance under the rule is a matter committed to the discretion of the trial court and is not subject to reversal unless clear prejudice is shown. United States v. Sanders, 463 F.2d 1086, 1089 (8th Cir. 1972). Clearly, there was no abuse of discretion by the trial court in this instance [1] where there was no danger that the jury would be confused in the application of the facts to separate crimes and where the offenses charged were all part of a continuous transaction.

*Sufficiency of the Evidence Under Count VI*

 In a prosecution under 26 U.S.C. § 5861(d) the government must prove first, that the defendant at the time and place charged in the indictment possessed a shotgun with a barrel less than 18 inches in length; and second, that the shotgun at the time and place charged was not registered to the de-

---

[1]. It is notable that the court did feel that prejudice could arise from joinder of Count IV, relating to interstate transportation of a firearm by a convicted felon, with the other counts for trial. Proof of that firearm count would have brought before the jury evidence of Pietras' unrelated past criminal record in violation of his privilege against self-incrimination. Such evidence could certainly have influenced the jury's assessment of guilt on the offenses tried before them. Accordingly, that count was severed for a separate trial.

fendant in the National Firearms Register and Transfer Record. Scienter is not an element of the offense. United States v. Freed, 401 U.S. 601, 607, 91 S. Ct. 1112, 28 L.Ed.2d 356 (1971). Nor is knowledge that the gun is not registered. *Id.* Possession may be either actual or constructive. *See, e. g.,* United States v. DePugh, 452 F.2d 915, 923 (10th Cir. 1971), cert. denied, 407 U.S. 920, 92 S.Ct. 2452, 32 L.Ed.2d 805 (1972); United States v. Virciglio, 441 F.2d 1295, 1298 (5th Cir. 1971).

Here the evidence demonstrated that the shotgun was unregistered; that Pietras was identified by more than one witness as the driver of a distinctively painted van; that the van was recovered by law enforcement officers within an hour after it had been abandoned by Pietras; that the windshield had been knocked out as a result of the van's leaving the road and loss of control; that immediately beneath the windshield on the path the vehicle had taken from the roadway was found a 13-inch barrel unregistered firearm; and that within the van was found a box of shotgun shells identical to the shells found in the shotgun. Thus some evidence existed on all prerequisites to a conviction under 26 U.S.C. § 5861(d).

An appellate court does not try a case de novo and does not determine the weight of the evidence. United States v. Madden, 482 F.2d 850, 851 (8th Cir.), cert. denied, 414 U.S. 1026, 94 S.Ct. 453, 38 L.Ed.2d 318 (1973). Rather it is for the fact finder, here the jury, to make such determinations. Upon a finding of guilt by the jury, an appellate court must view the evidence and all reasonable inferences which can be drawn therefrom in favor of the jury verdict. That verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Under these criteria and because there is no lack of evidence on an essential element of the crime, the evidence clearly supports a judgment of conviction on Count VI.

### Failure to Grant a Mistrial

Pietras next alleges that Count II of the indictment warrants a mistrial of the entire action, since the count alleges jeopardizing lives of others during the commission of the robbery in violation of 18 U.S.C. § 2113(d) and, in addition to bank personnel, details as one of those persons Paul Lowthers, a law enforcement officer assaulted after the occurrence at the bank, during the flight. Pietras argues that § 2113(d) [2] was not intended to cover such assaults; that the only post-bank-transaction conduct that is proscribed is set forth in § 2113(e); [3] and that § 2113(e) contains no provision for assaults short of actual killing or kidnapping.

To support his position, Pietras refers to the court's discussion in United States v. Bamberger, 460 F.2d 1277 (3d Cir. 1972), cert. denied, 413 U.S. 919, 93 S.Ct. 3067, 37 L.Ed.2d 1040 (1973), where a similar argument was urged by the defendant that the shooting of an officer during the flight was not a part of the robbery but was a separate, uncharged crime. The court ultimately held that the shooting was sufficiently

2. 18 U.S.C. § 2113(d) provides:

 Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

3. 18 U.S.C. § 2113(e) provides:

 Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct.

related in time and circumstances to the actual robbery to be encompassed within § 2113(d). Yet, in reaching that conclusion, the court said:

> While there must of course come a point when the statute no longer covers the activities of a bank robber, we think that point was not reached here.

*Id.* at 1278–1279. To date, *Bamberger* is the only decision to discuss such a limitation on § 2113(d).

 While the interpretation urged by Pietras might be placed upon the language of the statute, there is nothing in the legislative history of the original Bank Robbery Act to suggest that the two sections were to receive diverse treatment. S.Rep.No. 537, 73d Cong., 2d Sess. (1934); H.Rep.No. 1461, 73d Cong., 2d Sess. (1934); H.Rep.No. 1598, 73d Cong., 2d Sess. (1934); 78 Cong.Rec. passim (1934).[4] Indeed the letter of explanation by the then Attorney General who recommended the bill suggests that the two sections were nearly coterminous.[5] However, lest no effect be given to § 2113(e)'s additional reference to "avoiding . . . apprehension" and "freeing himself . . . from confinement" contingencies, we hold that "committing any . . . [robbery]" as used in both § 2113(d) and § 2113(e) extends at least to a hot pursuit that follows the physical departure from the bank building. In this respect we affirm the reasoning of the district court in denying Pietras' motion for a mistrial:

> [Y]ou cannot complete your taking until you have terminated the possibility of the item being recovered, it would appear to me an escape effort

immediately following . . . the taking is a part of the taking process. . . .

### Sentence Pyramiding

Finally Pietras challenges the imposition of sentence received on Counts I, II, and III. Those sentences were:

Count I [bank robbery in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 924(c)]: fifteen years for bank robbery and 10 years for recidivist offender under § 924(c), to be served consecutively.

Count II [putting lives in jeopardy during the commission of robbery in violation of 18 U.S.C. § 2113(d)]: fifteen years to be served concurrent with that imposed under Count I.

Count III [kidnapping in an attempt to avoid apprehension in violation of 18 U.S.C. § 2113(e)]: twenty-five years to be served concurrent with that imposed under Count I and Count II.

 Green v. United States, 365 U. S. 301, 305–306, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961), teaches that Count II must be considered merely an aggravated version of the same offense charged in Count I, and it cannot itself support a separate sentence. *See also* Holiday v. Johnston, 313 U.S. 342, 349, 550, 61 S. Ct. 1015, 85 L.Ed. 1392 (1941). The government has confessed error in the imposition of sentence under Count II.

 The trilogy of Supreme Court cases dealing with the imposition of sentence under 18 U.S.C. § 2113 have not dealt with the ability of a § 2113(e) violation to support a separate sentence. Green v. United States, *supra*; Heflin v.

---

4. Section 2113 was originally adopted in 1934 against a background of national concern with interstate operations of bank bandits. It was designed to make it a federal offense to rob federal banks or federally insured banks.

5. The Attorney General's correspondence, incorporated into H.Rep.No. 1461, 73d Cong., 2d Sess. (1934) states:

> The bill provides punishment for those who rob, burglarize, or steal from such institutions, or attempt so to do. A heavier penalty is imposed, if in an attempt to commit any such offense any person is assaulted, or his life is put in jeopardy by use of a dangerous weapon. A maximum penalty is imposed on anyone who commits a homicide or kidnaping in the course of such unlawful act.

United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). Nevertheless, in reliance upon the underlying logic in those decisions, our Court has held that 18 U.S.C. § 2113 prohibits the imposition of more than one sentence for violations of its several provisions, including subsection (e). United States v. Delay, 500 F.2d 1360 (8th Cir. 1974); Jones v. United States, 396 F.2d 66, 69 (8th Cir. 1968), cert. denied, 393 U.S. 1057, 89 S.Ct. 695, 21 L.Ed.2d 697 (1969). *See also* Sawyer v. United States, 312 F.2d 24, 28 (8th Cir. 1963); Hewitt v. United States, 110 F.2d 1, 11 (8th Cir.), cert. denied, 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409 (1940). Since it was obviously the trial court's intent that Pietras receive a sentence of at least twenty-five years on these counts, the sentence under Count III will be permitted to stand.

For the reasons hereinbefore expressed, the judgment of conviction is affirmed. The sentences under Counts I and II are vacated.