UNITED STATES of America, Appellee,

v.

**Bobby Joe HASKINS, Appellant.**

UNITED STATES of America, Appellee,

v.

**Gary LeRoy MARTIN, Appellant.**

**Nos. 75–1936, 76–1011.**

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1976.

Decided June 7, 1976.

David N. Adair, Jr., Kansas City, Mo., for Bobby J. Haskins.

Joel Pelofsky, Kansas City, Mo., for Gary L. Martin.

Robert B. Schneider, Asst. U. S. Atty., Kansas City, Mo., for appellee; Bert C. Hurn, U. S. Atty., and Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., on brief.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and WEBSTER, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

Defendants Haskins and Martin have taken timely appeals from their convictions

by a jury on an indictment charging them with bank robbery in violation of 18 U.S.C. § 2113(a), (d). Haskins was sentenced to fifteen years imprisonment and Martin was sentenced to eighteen years imprisonment. These defendants were represented by separate counsel, who filed separate briefs. The cases were consolidated for oral argument in this court. We believe little would be accomplished by setting the facts out in detail. We have carefully examined the record and are convinced that there is substantial evidence to support each element of the offense charged with respect to each appealing defendant. To the extent necessary, evidence will be discussed during the course of the opinion.

Haskins and Martin both raise the issue that the trial court abused its discretion and committed prejudicial error in admitting evidence of Smith's taking a hostage in his attempt to escape after the robbery. Additional errors separately urged by Martin include (1) admission of expert testimony of Dr. Yoong, and (2) denial of motion for acquittal.

Separate errors urged by Haskins are (1) denial of motion to suppress his admissions made to officers, (2) prejudicial comments made by the court disparaging Haskins' counsel during the trial, and (3) abuse of discretion in imposing a fifteen year sentence.

We have carefully examined the records and considered the briefs and arguments submitted. We find all of the contentions made by each defendant lack merit and affirm the convictions for the reasons hereinafter set out.

#### The Hostage Issue.

Both Haskins and Martin contend the court committed prejudicial error in admitting evidence of the pursuit and capture of Smith. Smith was jointly indicted with Haskins and Martin on the bank robbery charge and in an additional count Smith alone was charged with violation of § 2113(e) by forcing a person to accompany him in an attempt to escape. Smith pleaded guilty and was duly sentenced.

Smith, immediately after leaving the bank, appropriated a Cadillac automobile on the bank parking lot and took with him as hostage an elderly lady who was in the car. The hostage suffered some bruises as a result of Smith's reckless driving which resulted in some minor collisions. She was also frightened.

A burglar alarm had been activated while the robbery was taking place. Officers arrived at the bank as the robbers were leaving with the stolen money. Haskins and Martin ran down an alley and were followed by an officer who apprehended Haskins. Martin escaped immediate arrest. Smith took off on his own in the Cadillac. He was followed by officers and ultimately apprehended. The officers found a pillow case on the back seat of the car containing $7406.00. A nylon stocking and some other items were also found. Part of the money so found and seized was identified as bait money taken from the bank.

Defendants objected to this testimony on the basis that the bank robbery had been accomplished and that anything Smith did was immaterial, prejudicial and of no probative value.

We hold that the court did not abuse its discretion in overruling the objection. The recovery of the stolen money was certainly relevant on an essential element of the crime.

In *United States v. Pietras,* 501 F.2d 182, 187 (8th Cir. 1974), the court said:

> [W]e hold that "committing any . . . [robbery]" as used in both § 2113(d) and § 2113(e) extends at least to a hot pursuit that follows the physical departure from the bank building. In this respect we affirm the reasoning of the district court in denying Pietras' motion for a mistrial:
>
>> [Y]ou cannot complete your taking until you have terminated the possibility of the item being recovered, it would appear to me an escape effort immediately following . . . the taking is a part of the taking process.

*See United States v. Bamberger,* 460 F.2d 1277, 1278 (3d Cir. 1972).

■ In any event, the reception of the evidence was not prejudicial. There is nothing in the record to indicate that either Haskins or Martin had anything to do with the taking of the hostage or the escape in the Cadillac. The Government made no attempt in argument to link the defendants with Smith's escape efforts. Our examination of the record satisfies us that Smith's efforts to escape had no prejudicial effect on Haskins or Martin.

### Haskins' Other Claims.

■ Haskins urges that the court erred in denying his motion to suppress admissions or confessions which he made. He urges his confession was not voluntary because of his physical condition at the time it was made. He asserts his Fifth Amendment right to remain silent was not knowingly and intelligently waived and that the confession consequently was involuntary. He further contends that there was an unreasonable delay between the time of his arrest and his appearance before a magistrate. Defendant was afforded a full *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) evidentiary hearing on his suppression motion. The evidence reflects that before the interview the *Miranda* warnings were read to Haskins. He stated that he understood his rights and signed a waiver of such rights. At the conclusion of the hearing, the trial court (Chief Judge Becker) stated:

I find that Haskins was not suffering from any mental impairment that prevented him from voluntarily agreeing to talk either because of his prior education, because of his alleged intoxication, or because of any of the injuries that he received.

. . . . .

I find that the testimony of Officer Cannon, that is, Special Agent Cannon, is corroborated by some of the testimony of the defendant; shows beyond a reasonable doubt that defendant Haskins did understand his constitutional rights and did voluntarily thereafter answer questions and furnish information.

The standard by which the voluntariness of a defendant's confession must be determined is by a preponderance of the evidence. *Lego v. Twomey,* 404 U.S. 477, 489, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); *Kilcrease v. United States,* 457 F.2d 1328 (8th Cir. 1972).

The court's finding that the confession was voluntary is supported by substantial evidence and is not clearly erroneous.

■ Defendant Haskins additionally claims there was an unreasonable delay in bringing him before a magistrate. Defendant was arrested by state officers about 10:00 a. m. on July 2. He was taken to a hospital by reason of injuries he had suffered in connection with his arrest. He was returned from the hospital to the state police station about 5:00 p. m. and was taken before a federal magistrate shortly after 6:00 p. m. On this issue, Chief Judge Becker states:

Now, the claim is made that there was impermissible delay in the presentment of the case to the United States Magistrate. I find from the facts that this case was presented to the United States Magistrate expeditiously and within a very short time, given the processes that are necessary to initiate the federal prosecution through the preparation and filing of a complaint and the gathering of the evidence to determine whether the complaint, federal complaint, should be filed, and given the necessity of arranging for the release of the prisoner from state custody to federal custody. This all occurred during the same day and it is difficult to determine how it could have been done any more expeditiously.

The trial court committed no error in denying the motion to suppress.

Defendant further contends that the trial court made comments in disparagement of his counsel and that such remarks prejudiced his case before the jury. We have examined all such comments and are satisfied the court did not go beyond the bounds of propriety in making such comments. Further, we are satisfied that such com-

ments in no way caused defendant any prejudice. The comments appear to have been made largely for the purpose of expediting the trial.

Lastly, Haskins contends that the court abused its discretion by imposing a sentence of fifteen years. Such sentence is well below the maximum punishment provided by 18 U.S.C. § 2113(d). Moreover, the court imposed the sentence under 18 U.S.C. § 4208(a)(2) making defendant eligible for parole at such time as the Board of Parole might deem appropriate. The crime here involved was a serious one involving the carrying of firearms. The court did not abuse its discretion in imposing the fifteen year sentence.

### Martin's Claims.

Defendant Martin contends that the testimony of an expert witness, Dr. Yoong, in identifying a hair sample found in a silk stocking near the bank as matching a known sample of defendant's hair, was incredible. Dr. Yoong, a forensic chemist, testified at length as to his qualifications for testing and matching hair samples. No objection was raised as to his qualifications as an expert. The court did not err in permitting the expert testimony. The credibility of the expert and the weight to be given to his testimony was for the jury to determine.

Martin also raises the point that the expert's testimony invades the province of the jury upon an issue that the jury might be required to decide. We rejected such contention in *White v. United States,* 399 F.2d 813, 820 (8th Cir. 1968) where we said:

> Appellant states that this testimony invades the province of the jury. In the light of *Rhynard v. Filori,* 315 F.2d 176 (8th Cir. 1963), this position is unsupportable. There the court stated that it adopted the view that expert witness testimony is not vulnerable to an objection that it invades the province of the jury. This position was reiterated in *Jones v. Goodlove,* 334 F.2d 90 (8th Cir. 1964).

The court committed no error in receiving Dr. Yoong's testimony.

Martin's contention that the court erred in overruling his motion for acquittal lacks merit. There is substantial evidence to support each essential element of the offense with which he is charged. Martin was positively identified as one of the bank robbers by his accomplice Burgin. A conviction may be based on uncorroborated testimony of an accomplice if it is not otherwise incredible or unsubstantial on its face. *United States v. Cole,* 449 F.2d 194, 197 (8th Cir. 1971). The court properly instructed the jury on the consideration to be given the testimony of an accomplice. The testimony of Burgin is neither incredible nor unsubstantial. In addition, corroboration exists in the matching of Martin's hair with that found in one of the stocking masks found at the scene of the robbery.

The German Luger rifle which the testimony shows Martin carried when he entered the bank was found in his possession at the time of his arrest.

The judgments are affirmed.