**UNITED STATES of America, Appellee,**

v.

**Richard Otto PIETRAS, Appellant.**

**No. 78–1699.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 4, 1979.

Decided Jan. 10, 1979.

---

**393**

ment: armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and 924(c) (Count I); jeopardizing the lives of others in commission of the robbery in violation of 18 U.S.C. § 2113(d) (Count II); kidnapping in an attempt to avoid apprehension in violation of 18 U.S.C. § 2213(e) (Count III); and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) (Count IV). The conviction was affirmed on appeal, although the sentences imposed under counts I and II were vacated. *United States v. Pietras*, 501 F.2d 182 (8th Cir.), *cert. denied*, 419 U.S. 1071, 95 S.Ct. 660, 42 L.Ed.2d 668 (1974).

In his section 2255 petition Pietras asserted one basic ground for relief: ineffective assistance of counsel. His brief on appeal reiterates his argument below, which is that his trial counsel failed to present four potential defenses. The first is that counts I, II, and III of the indictment were fatally defective because they did not include essential elements of the offense, and count VI alone (possession of an unregistered firearm) cannot sustain the conviction. The second defense is that the results of a blood test performed on Pietras and a bullet surgically removed from his body in a Canadian hospital should have been suppressed as fruits of unreasonable searches under the fourth amendment. The third is that counsel failed to call four witnesses, and to introduce evidence, for presentation of a misidentification defense. Finally, counsel failed to defend against the kidnapping charge, count III, on the basis of consent.[1] Pietras argues on appeal that the district court erred in denying the petition due to its merits, and also that it erred procedurally in denying it summarily, without making findings of fact or conclusions of law.

In its order denying the motion the district court refers to a prior trial order, in which it granted Pietras' request that his trial counsel be dismissed for rendering ineffective assistance and new counsel be ap-

Richard Otto Pietras, pro se.

James R. Britton, U. S. Atty., and Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., filed brief for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

This appeal is from an order of the district court, the Honorable Bruce Van Sickle, denying Mr. Pietras' motion to vacate his sentence under 28 U.S.C. § 2255. We affirm the denial of the motion.

Pietras was convicted, pursuant to jury verdict, on four counts of a six count indict-

---

1. In 113 detailed factual allegations in his petition and appellate brief, Pietras supports these allegations. Facts 1–23 relate specific instances of misconduct or omissions by counsel; facts 24–53 pertain to the defective indictment defense; facts 54–96 pertain to defenses of misidentification and consent; and facts 97–113 pertain to the search and seizure issues.

pointed for his appeal. The order stated, as a finding of fact, that Pietras was effectively and ably represented and that new counsel was appointed only to avoid burdening trial counsel with representation of a noncooperative client. The district court held that nothing in Pietras' petition altered this earlier finding of effective representation, and stated that the professional competence of Pietras' trial counsel was generally of a high level.

Pietras, in support of his motion, cites one hundred thirteen different examples of the alleged ineffectiveness of his counsel. Most of these claims amount to second guessing the trial strategy of his counsel. Others involve Pietras' clear misunderstanding of the law. None of the factual allegations made by Pietras, even if proved, amount to material prejudice resulting from his attorney's actions or inactions. Denial of the petition, therefore, was proper.

The judgment of the district court is affirmed.