UNITED STATES of America,
Plaintiff-Appellee,

v.

George Manuel BOSQUE,
Defendant-Appellant.

No. 82–1172.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 1982.

Decided Oct. 26, 1982.

Stephen J. Perelson, Serra, Perelson, Metcalf, Archuleta, San Francisco, Cal., for defendant-appellant.

Robert Ward, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before WALLACE, KENNEDY, and NELSON, Circuit Judges.

NELSON, Circuit Judge:

George Manuel Bosque appeals from his conviction of aggravated bank larceny (18 U.S.C. § 2113(b), (d)) and theft from an interstate shipment (18 U.S.C. § 659). He argues that conviction under the enhancement portion of section 2113(d) was improper because he was not committing the actual robbery when he assaulted the victim. He also argues that the concurrent sentences he received constitute multiple punishments for a single act. We affirm.

FACTS

Bosque, a former Brinks' guard, was a member of the Brinks' crew meeting a $1,850,000 currency shipment arriving at San Francisco International Airport on August 15, 1980. The currency shipment origi-

nated from federally insured banks in Hawaii and was to be transported by Brinks to the Federal Reserve Bank in San Francisco.

After the money was loaded into the Brinks' truck, Bosque left without the other crew members and drove the Brinks' truck containing the currency to the Airport Hilton Hotel, approximately one-quarter of a mile away.

As Bosque pulled into the hotel parking lot, a hotel maid, Ms. Lal, was parking her car before work. Bosque left the truck, and, carrying the bags of currency, ran to Lal's car. He pulled a handgun from one bag, opened the driver's side door of Lal's car, and pushed Lal to the other side of the seat. Lal screamed. Bosque held the gun to her chest, tried to cover her mouth, and threatened to kill her if she continued screaming. Lal jumped from the passenger side of the car, and Bosque drove away with the currency.

Bosque was charged with bank larceny (18 U.S.C. § 2113(b)) enhanced by the assault on and "putting in jeopardy" of Lal by the use of a handgun (18 U.S.C. § 2113(d)), and with theft from an interstate shipment (18 U.S.C. § 659).[1] He was a fugitive until November 23, 1981, when he was arrested and arraigned. Bosque pleaded guilty to the bank larceny and interstate theft charges, but pleaded not guilty to the enhancement portion of the larceny count (18 U.S.C. § 2113(d)).

A jury found Bosque guilty of the enhancement portion. The court sentenced

---

1. 18 U.S.C. § 2113(b) provides in part:

 (b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; . . . .
 (1970).
 Section 2113(d), the enhancement portion provides:
 (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or

device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.
 (1948).
 18 U.S.C. § 659 provides in part:
 Whoever embezzles, steals, or unlawfully takes by any fraudulent device, scheme, or game, from any . . . vehicle . . . operated by any common carrier moving in interstate or foreign commerce or from any passenger thereon any money . . . or whoever buys, receives, or has in his possession any such money . . . knowing the same to have been embezzled or stolen—
 Shall in each case be fined not more than $5,000 or imprisoned not more than ten years, or both; . . . .
 (1948).

him to fifteen years on the enhanced bank larceny count and ten years on the interstate theft count, the sentences to be served concurrently.

## ANALYSIS

### I

### Section 2113(d)

Bosque argues that conviction under the enhancement provision of section 2113(d) was improper because his assault on Ms. Lal did not occur during the robbery, but after he had completed the act of robbery.

■ Section 2113(d) applies to those who, while committing or attempting to commit the offense defined in section 2113(a) or (b), assault or put in jeopardy the life of any person by the use of a dangerous weapon.[2] *See Green v. United States,* 365 U.S. 301, 305–306, 81 S.Ct. 653, 655–656, 5 L.Ed.2d 670 (1961); *United States v. Faleafine,* 492 F.2d 18, 20–26 (9th Cir. 1974). Section 2113(d) is violated when a bank robber threatens or assaults with a weapon a bank teller, bank manager, bank guard, bank customers, or a pursuing law enforcement officer. *See United States v. Brannon,* 616 F.2d 413 (9th Cir.), *cert. denied,* 447 U.S. 908, 100 S.Ct. 2993, 64 L.Ed.2d 858 (1980); *United States v. Faleafine,* 492 F.2d at 18; *United States v. Coulter,* 474 F.2d 1004 (9th Cir.), *cert. denied,* 414 U.S. 833, 94 S.Ct. 172, 38 L.Ed.2d 68 (1973). *See also United States v. Jarboe,* 513 F.2d 33, 37 (8th Cir.), *cert. denied,* 423 U.S. 849, 96 S.Ct. 90, 46 L.Ed.2d 71 (1975); *United States v. Pietras,* 501 F.2d 182, 186–87 (8th Cir.), *cert. denied,* 419 U.S. 1071, 95 S.Ct. 660, 42 L.Ed.2d 668 (1974).

■ The offense defined in subsection (b) expressly includes "whoever takes *and carries away* with intent to steal … any money … exceeding $100 …." (Emphasis added). The language of section 2113(b), i.e., "takes and carries away, with the intent to steal or purloin," defines the common law offense of larceny. *United States v. Sellers,* 670 F.2d 853, 854 (9th Cir. 1982) (per curiam); *Bennett v. United States,* 399 F.2d 740, 742 (9th Cir. 1968); *LeMasters v. United States,* 378 F.2d 262, 264 (9th Cir. 1967). *See also, United States v. Barlow,* 470 F.2d 1245, 1253 (D.C.Cir. 1972). Thus, the statutory language of section 2113(b) and the underlying common law offense both require the element of asportation or "carrying away." *Id.*

■ Bosque drove the Brinks' truck containing the currency directly to the airport hotel. The hotel was approximately one-quarter of a mile away and the drive took only a few minutes. Immediately upon his arrival at the hotel parking lot, Bosque removed the currency from the truck, ran to Lal's car, assaulted her, and stole her car. Because of the proximity, both in time and location, of the assault to the larceny, Bosque was "carrying away" the currency at the time of the assault, and, thus, he was still committing the offense proscribed in section 2113(b). Consequently, both subsections 2113(b) and (d) applied.

### II

### Sentences

Bosque also argues that the concurrent sentences he received for aggravated bank larceny (§ 2113(b), (d)) and for theft from an interstate shipment (§ 659) constitute improper multiple punishments for a single act.

Bosque committed two separate crimes under the *Blockburger* test of what constitutes separate crimes and permits separate

---

**2.** Section 2113(d) does not constitute a separate offense from § 2113(a) or (b). Rather, it enhances the possible penalties of § 2113(a) or (b) when the additional circumstances of § 2113(d) are present. *See Green v. United States,* 365 U.S. 301, 305–06, 81 S.Ct. 653, 655– 656, 5 L.Ed.2d 670 (1961); *United States v. Combs,* 634 F.2d 1295, 1297 (10th Cir. 1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 304 (1981); *United States v. Faleafine,* 492 F.2d 18, 20–26 (9th Cir. 1974).

punishments. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). *See also Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).

Section 2113(b) requires proof that the stolen money "belong[s] to, or [is] in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association . . . ." Section 659 requires the embezzlement or theft of money from any vehicle moving in interstate commerce. Thus, each statute requires proof of a fact or element that the other does not. Moreover, the purpose of each statute differs. The purpose of section 659 is to protect interstate shipments. *Dunson v. United States,* 404 F.2d 447 (9th Cir. 1968), *cert. denied,* 393 U.S. 1111, 89 S.Ct. 925, 21 L.Ed.2d 808 (1969). Section 2113, rather, originally adopted in 1934 during a period of national concern of interstate operations of bank robbers, was "designed to make it a federal offense to rob banks or federally insured banks." *United States v. Pietras,* 501 F.2d at 187 n.4. Separate sentences were proper. The sentences were in fact concurrent, but we have chosen to address the argument on the merits to make it clear that the sentences imposed were proper under the respective statutes.

AFFIRMED.