65 F.3d 172
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Terrance DAVIS, Appellant.
 No. 94-3970.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 16, 1995.
Filed: Aug. 28, 1995.
 
 Before BOWMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Terrance Davis appeals his 420-month sentence imposed by the district court[1] after a jury convicted him of two counts of aiding and abetting armed bank robbery, two counts of possessing a firearm in relation to a crime of violence, and one count of aiding and abetting armed bank robbery with abduction. We affirm.
 
 
 2
 Davis and his two accomplices robbed a series of Boatman's Bank branches in Kansas City, Missouri. After an exchange of gunfire during the final robbery, the robbers drove away in a car Davis had borrowed from his cousin, but they collided with a parked car in the bank parking lot. Police officers apprehended Davis' accomplices as they fled on foot. Davis eluded police, but eventually surrendered after a criminal complaint was filed. Davis' accomplices pleaded guilty, cooperated with the government, and testified against Davis at trial.
 
 
 3
 On appeal, Davis challenges the sufficiency of the evidence, arguing that circumstantial evidence and the accomplices' contradictory testimony do not support the conviction.
 
 
 4
 In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the government, giving the government the benefit of all inferences that may reasonably be drawn, and we will not reverse unless no reasonable jury could have concluded beyond a reasonable doubt that the defendant was guilty as charged. United States v. Wilcox, 50 F.3d 600, 602 (8th Cir.1995). This standard applies even where the conviction rests entirely on circumstantial evidence. Id. at 602-03. A conviction may be based on the uncorroborated testimony of an accomplice if that testimony is not otherwise incredible or unsubstantial on its face. United States v. Sublet, 644 F.2d 737, 742 (8th Cir.1981) (citing United States v. Haskins, 536 F.2d 775, 779 (8th Cir.), cert. denied, 429 U.S. 898 (1976)).
 
 
 5
 Here, both of Davis' accomplices testified in detail about his involvement in the robberies, his cousin's testimony tied him to the getaway car, and the jury viewed still photographs and videotapes of the robberies in progress. Although Davis asserts his accomplices' testimony was "contradictory," he does not explain how it was incredible or contradictory or how the contradictions were relevant. See United States v. Parker, 32 F.3d 395, 399 (8th Cir.1994) (witness credibility is matter for jury). Having carefully reviewed the record, we conclude the evidence was sufficient to support Davis' conviction and the district court properly denied his motions for acquittal.
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri