UNITED STATES of America,
Plaintiff-Appellee,

v.

James WILLIS, Defendant-Appellant.

No. 77–5078
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1977.

John R. Calhoun (Court-Appointed), George M. Hubbard, III, Savannah, Ga., for defendant-appellant.

William T. Moore, Jr., Savannah, Ga., Elizabeth C. Chalker, Asst. U. S. Atty., Augusta, Ga., for plaintiff-appellee.

Before COLEMAN, MORGAN and TJOFLAT, Circuit Judges.

PER CURIAM:

The appellant was charged in a two count indictment with aiding and abetting the robbery of a federally insured bank with the use of a dangerous weapon in violation of 18 U.S.C. §§ 2, 2113(a) and (d) (Count I), and with conspiring to commit said offense in violation of 18 U.S.C. § 371 (Count II). A jury acquitted appellant of Count II but on Count I found him guilty of a lesser included offense, bank robbery unaccompanied by the use of a dangerous weapon.

Only a very brief discussion of the facts and proceedings below is necessary to our disposition of the contentions on appeal. It is undisputed that appellant drove co-indictees Johnny Lee Powell and Bobby Holmes [1] to the bank immediately before it was robbed.[2] It is also undisputed that some short time after arriving at the bank he

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

1. Each of these co-indictees entered pretrial guilty pleas as to Count I and, as to each, the government entered a nolle prosequi as to Count II.

2. The testimony is conflicting as to whether appellant knew that Powell and Holmes intended to rob the bank at *that* point. However, there was ample testimony from which the jury could have concluded that appellant was aware of the illegal venture from the beginning. Powell and Holmes each testified that appellant masterminded the plan from its inception. Appellant denied this at trial.

observed Powell and Holmes running toward his vehicle in an excited fashion stating "let's go." After re-entering the automobile Powell and Holmes told appellant that they had just robbed the bank.[3]

The appellant argues on appeal that, as a matter of law, he could not be found guilty of aiding and abetting if his first knowledge of the robbery came when Powell and Holmes ran out of the bank and into the automobile. At that point, it is urged, the robbery had already been consummated and appellants involvement was, at most, as an accessory after the fact. Appellant contends that his lack of prior knowledge (coupled with the fact that he was never present inside the bank) precludes his conviction as a principal.

 Even if we overlook the evidence indicating appellant's guilty knowledge *prior* to the robbery, we are still left with his concession that he had been apprised of the robbery prior to the escape, and that is enough to implicate one as a principal. In *Pinkney v. United States*, 380 F.2d 882 (5th Cir. 1967), *cert. denied*, 390 U.S. 908, 88 S.Ct. 831, 19 L.Ed.2d 876 (1968), we held that entry of the bank is not a necessary element of bank robbery. Moreover, we held that one who does no more than drive a getaway car may be as equally culpable as those actually entering the bank. That holding and the one herein derive from the premise that escape immediately following the taking is a necessary phase of most violent bank robberies [4]—that is to say, the robbery is not a consummate transaction until the immediate removal phase comes to a halt. Or, as the Tenth Circuit has stated it: "The escape phase of a crime is not . . . an event occurring 'after the robbery.' It is part of the robbery. One who

participates in and assists in the escape of the parties who were in the bank aids and abets the bank robbery . . . ." *United States v. Von Roeder*, 435 F.2d 1004 (10th Cir.), *cert. denied*, 403 U.S. 934, 91 S.Ct. 2264, 29 L.Ed.2d 713 (1971). We do not go so far as to say that a bank robbery cannot be deemed a completed transaction until the escape is undertaken because often completed bank robberies never reach the escape phase.[5] *See United States v. Jarboe*, 513 F.2d 33, 37 (8th Cir.), *cert. denied*, 423 U.S. 849, 96 S.Ct. 90, 46 L.Ed.2d 71 (1975). We do, however, agree with the following analysis advanced in *United States v. Barlow*, 152 U.S.App.D.C. 336, 470 F.2d 1245 (1972):

> The gist of being an accessory after the fact lies essentially in obstructing justice by rendering assistance to hinder or prevent the arrest of the offender after he has committed the crime. Evidence of this offense is most frequently found in acts which harbor, protect and conceal the individual criminal such as by driving him away after he commits a murder. *The very definition of the crime also requires that the felony not be in progress when the assistance is rendered* because then he who renders assistance would aid in the commission of the offense and be guilty as a principal. . . . *The crime of larceny obviously continues as long as the asportation continues* and the original asportation continues at least so long as the perpetrator of the crime indicates by his actions that he is dissatisfied with the location of the stolen goods immediately after the crime and with no more than a few minutes delay causes another to continue the asportation. (Emphasis added.) *Barlow*, at 1252–53.

---

3. These undisputed facts were established in a voluntary statement given by appellant to the FBI following his arrest. The statement was introduced at trial without objection. In fact, appellant relied upon some of the exculpatory aspects of the statement to support his theory of the case.

4. We note in passing that escape is not a necessary aspect of bank *embezzlement*. *See United States v. Ferraro*, 414 F.2d 802 (5th Cir. 1969).

5. Although a bank robbery may certainly be complete without an escape—as where the culprits are apprehended before their escape—the crime continues throughout the escape for purposes of characterizing the involvement of additional parties who knowingly and willfully join in the escape phase only.

Inasmuch as we hold that the appellant became an aider and abettor through his role as driver of the escape vehicle, we also reject his contention that the Court's instructions were erroneous in permitting the jury to predicate his guilt on his escape role.[6] As there is no reversible error in the proceedings below, the judgment of the district court is affirmed.[7]

AFFIRMED.

**6.** Because the appellant failed to object to the instructions at trial he would have to establish that the instructions constituted plain error to obtain a reversal. *See United States v. Haynes,* 554 F.2d 231 (5th Cir. 1977). Because we find the instructions appropriate statements of the law we would not reverse even had the appellant objected below.

**7.** Because the judgment in this case does not properly conform to the jury verdict—it recites a jury finding of guilt as charged rather than the lesser included offense—we remand for the sole purpose of making the judgment conform to the verdict.