**UNITED STATES of America, Appellee,**

v.

**George Edward PATE III, Appellant.**

**No. 90–2755SI.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1991.

Decided May 6, 1991.

Thomas G. Keiderling, Des Moines, Iowa, for appellant.

Robert C. Dopf, Des Moines, Iowa, for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

George Edward Pate III appeals from his conviction for using or carrying a firearm in connection with a violent felony (a bank robbery) in violation of 18 U.S.C. § 924(c) (1988). Pate conditionally pleaded guilty to the charge, reserving his right to appeal from an unfavorable ruling by the district court[1] on his motion to dismiss the firearm count. *See* Fed.R.Crim.Proc. 11(a)(2). We conclude that the district court correctly denied the motion by finding that a reasonable jury could reach a verdict of guilty on the firearm charge, thus Pate may not withdraw his plea and we affirm his conviction under that plea.

## I.  BACKGROUND

The following facts are taken from a stipulation entered into between Pate and the government. *See* Clerk's Designated Record at 9–11. Pate and an accomplice, Bambi Lynn Cosner, drove in Cosner's car to Ottumwa, Iowa, from Des Moines, Iowa, on March 30, 1990. While Cosner waited in the car, Pate walked unarmed into Union

---

**1.**  The Honorable William C. Stuart, Senior United States District Judge for the Southern District of Iowa. Judge Stuart presided at Pate's plea hearing and entered the order under our review.

The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa, imposed Pate's sentence.

Bank and Trust in Ottumwa and robbed a teller of some $1,500 in cash. The teller would testify at trial that Pate asked her if she wanted to see his gun, that she responded negatively, but that she feared harm to herself if she did not follow Pate's orders. Pate returned to the car with the loot, and Cosner drove away. Pate, however, was driving when the two were later apprehended by the police.

Cosner had previously obtained a shotgun from relatives for the trip to Ottumwa at Pate's request. When the two were caught, the loaded shotgun was found under a blanket in the back seat of the car with extra rounds of ammunition nearby on the car floor. Pate would testify he had asked for the shotgun for protection for the return trip from Ottumwa, as he would be carrying money from a friend, that the weapon was in the vehicle while he robbed the bank, that he did not carry it into the bank, and that he did not ask the teller if she wanted to see his gun. There was no evidence that Pate handled the shotgun.

Based on the above facts, on April 18, 1990, a grand jury returned a four-count indictment against Pate and Cosner. *See* Clerk's Designated Record at 1–4. Count One charged both with bank robbery in violation of 18 U.S.C. § 2113(a) and § 2. Count Two charged both with conspiracy to violate § 2113(a) and alleged overt acts of planning and casing Union Bank and Trust. Count Three charged Pate with "us[ing] and carr[ying]," *id.*, at 3, a firearm in relation to a violent felony in violation of 18 U.S.C. § 924(c). Count Four charged Pate with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and § 924.

Pursuant to a plea agreement filed July 30, 1990, *see* Clerk's Designated Record at 6–8, Pate pleaded guilty to Counts One and Three, but only conditionally pleaded guilty as to Count Three, reserving the right to appeal an adverse determination of his motion to dismiss that count. The government agreed to move for dismissal of Counts Two and Four, which was subsequently done. The district court denied Pate's motion on Count Three, and Pate was duly sentenced to sixty months for Count One and the mandatory, consecutive sixty months for Count Three. Pate appeals, arguing that the district court wrongly believed that a jury could conclude that he used or carried the shotgun in relation to the bank robbery and, thus, could convict him under § 924(c).

## II. DISCUSSION

Section 924(c), in pertinent part, provides that "[w]hoever, during and in relation to any crime of violence ... *uses or carries* a firearm, shall ... be sentenced to imprisonment for five years...." 18 U.S.C. § 924(c)(1) (1988) (emphasis added). Pate has pleaded guilty to the violent crime of bank robbery. Thus, the only question remaining is whether the facts by which the shotgun was present in the getaway car could satisfy a reasonable trier of fact that Pate used or carried a weapon "during and in relation to" the bank robbery.[2]

This court has said that "[s]ection 924(c)(1) reaches the possession of a firearm which *in any manner* facilitates the execution of a felony." *United States v. LaGuardia*, 774 F.2d 317, 321 (8th Cir. 1985) (citations omitted) (emphasis added). A later statement in *LaGuardia* reasons that "[t]he presence and availability [of the firearm] in light of the evident need demonstrate[ ] the use of the firearm to commit the felony." *Id. LaGuardia* has been repeatedly cited by later opinions of this court, particularly in drug cases, each of which has its own peculiar facts to support a nexus between the felony and the weap-

---

**2.** We note that no difficulty lies in the fact that the statute reads in the disjunctive, while the indictment charged in the conjunctive, i.e. "used and carried," *see* Clerk's Designated Record at 3. [F]ederal statutes ... are frequently drawn in the disjunctive. That is, Congress says that it is a crime to do this "or" that. However, it is a rule of federal pleading that an indictment must charge in the conjunctive, namely that the defendant did this "and" that; however, upon trial the government may prove and the trial judge usually instructs in the disjunctive form used in the statute.

*United States v. Hicks*, 619 F.2d 752, 758 (8th Cir.1980). The evidence would need only show that Pate used or carried the shotgun, not that he did both.

on. Weapons, sometimes kept in arsenal-like quantities, have been recognized as tools of the drug trade, and the presence of weapons in a raided drug house alone can sometimes support a § 924(c) conviction when connected to the defendant.

■ We are mindful, however, that Pate is not guilty of a drug offense, but of bank robbery. This fact, according to Pate, suggests that we should not extrapolate the nexus threshold used in drug cases to show nexus in a bank robbery case such as his. Yet, section 924(c) provides for punishment for whoever uses or carries a firearm "during and in relation to *any* crime of violence." 18 U.S.C. § 924(c)(1) (1988) (emphasis added). Though we have interpreted the statute most often in the context of drug cases, we find no principled reason to recalibrate our application of it depending on the underlying felony. While in drug cases it may indeed be easier to demonstrate the nexus of the weapon to facilitation of the drug felony, the demonstration must still be made, and it is the particular facts of each case (not the predicate felony) that will reveal whether a weapon was used in violation of the statute. Simply put, where the evidence adequately supports that the weapon was used or carried in any way that effectuated the felony—whatever the felony—a conviction may be had.

■ Nevertheless, Pate denies that he used or carried the shotgun to effectuate the bank robbery. The sum of his position is that because he did not carry the weapon into the bank, he did not violate section 924(c). We disagree. A bank robbery does not necessarily begin or end at the front doors of the bank.

After the actual theft, efforts on the part of other persons (as in escape) are part of the crime, so that those others can rightly be charged as principals in the bank robbery. " 'The escape phase of a crime is not ... an event occurring "after the robbery." It is part of the robbery.' " *United States v. Willis*, 559 F.2d 443, 444 (5th Cir.1977) (quoting *United States v. Von Roeder*, 435 F.2d 1004, 1010 (10th Cir.), *cert. denied*, 403 U.S. 934, 91 S.Ct. 2264, 29 L.Ed.2d 713 (1971), *vacated on other grounds*, 404 U.S. 67, 92 S.Ct. 326, 30 L.Ed.2d 222 (1971)[3]). "[T]he offenses described in 18 U.S.C. § 2113 ... extend at least to the hot pursuit following the physical departure from the bank...." *United States v. Jarboe*, 513 F.2d 33, 37 (8th Cir.) (citing *United States v. Pietras*, 501 F.2d 182 (8th Cir.), *cert. denied*, 419 U.S. 1071, 95 S.Ct. 660, 42 L.Ed.2d 668 (1974)), *cert. denied*, 423 U.S. 849, 96 S.Ct. 90, 46 L.Ed.2d 71 (1975). Thus, in *Jarboe*, the offense extended to cover the defendant waiting in the getaway car, even in the absence of any hot pursuit, because "the escape was a part of the robbery." *Id.*

Likewise, in the case sub judice, Pate's flight from the bank was a part of the crime of bank robbery. During that flight a shotgun that he requested was present and available for his use. He had at least constructive, and perhaps actual, possession of the weapon. It simply cannot be gainsaid that reasonable jurors could conclude that the presence of a loaded shotgun in the getaway car from a bank robbery in some way effectuates the escape and thereby the robbery—if by nothing more than the emboldening of the perpetrators. Here, the stated purpose of the loaded shotgun was to protect the fruits of the bank robbery and to aid in effectuating the escape, a sufficient nexus to support Count Three. We need not address how far the escape can go—for example back to an apartment where a shotgun is found—before it ceases to be a part of the robbery.

---

**3.** The Supreme Court's short opinion was per curiam and read:

The motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted, the judgment of the Court of Appeals is vacated and the case is remanded to the Court of Appeals for further proceedings, including re-entry of its judgment affirming petitioner's conviction and considera-

tion of the appointment of counsel for petitioner in connection with seeking review in this Court of the judgment of the Court of Appeals.

*Schreiner v. United States*, 404 U.S. 67, 92 S.Ct. 326, 30 L.Ed.2d 222 (1971) (citations omitted). No subsequent reported history of this case is evident.

Here, Pate does not deny that the weapon was in the getaway car before, during, and after the time he was in the bank.

## III.   CONCLUSION

We hold that the facts of this case would allow a reasonable jury to find that Pate used a weapon during and in relation to his robbery of the bank in violation of section 924(c) as charged in the third count of the indictment.   Thus, we affirm the district court's denial of Pate's motion to dismiss that count, and thereby affirm his conviction under that count.