**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

————————————

No. 98-20724
Summary Calendar

————————————

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

versus

LUIS FERNANDO MONTENEGRO,

 Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CR-21-1)

September 2, 1999

Before JOLLY, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Luis Fernando Montenegro appeals his conviction and sentence for possession with the intent to distribute cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We affirm.

Montenegro argues that the ineffectiveness of his trial counsel rendered his guilty plea involuntary. Specifically, he contends that his counsel was ineffective for failing to move to suppress the cocaine found in the truck he was driving at the time of his arrest. Alternatively, Montenegro challenges his sentence on several grounds. He asserts that the district court erred in enhancing his sentence by two levels for reckless endangerment during flight. The district court further erred, he asserts, when it denied his request for a four-level downward adjustment pursuant to U.S.S.G.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3B1.2 owing to his role as a minimal participant in the offense. Alternatively, he argues that he should have received a two-level reduction pursuant to this guideline to reflect his minor role in the offense. He further contends that the district court ought to have granted him a two-level downward adjustment pursuant to U.S.S.G. § 2D1.1(b)(6). Lastly, he urges that the district court erroneously denied him a downward departure.

Montenegro did not raise his claim of ineffective assistance of counsel in the district court. Consequently, the record is not adequately developed to permit a fair review of this contention. The record, for example, contains no evidence of his counsel's reasons for failing to file a motion to suppress. See United States v. Chavez-Valencia, 116 F.3d 127, 134 (5th Cir. 1997) (record not sufficiently developed when it contained no evidence of defense counsel's reason for failing to file a motion to suppress).

Also raised for the first time on appeal is Montenegro's claim that the district court erred in enhancing his sentence for reckless endangerment during flight. Accordingly, it is reviewed only for plain error. See United States v. Dupre, 117 F.3d 810, 817 (5th Cir. 1997). This court may correct a forfeited error only when an appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. See id. In his efforts to avoid capture, Montenegro drove recklessly on crowded streets and bit a civilian who attempted to detain him. Therefore, the enhancement for reckless endangerment was not plainly erroneous. See U.S.S.G. § 3C1.2, comment. (n.2); U.S.S.G. § 2A1.4, comment. (n.1).

Nor did the district court err in refusing to grant Montenegro a downward adjustment pursuant to § 3B1.2 for his mitigating role in the offense. We review a sentencing court's factual determination that a defendant did not play a minimal or minor role in the offense for clear error. See United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir. 1994). The defendant bears the burden of showing that he should receive a downward adjustment. See United States v. Atanda, 60 F.3d 196, 198 (5th Cir. 1995).

First, Montenegro contends that he should have received a four-level adjustment to reflect his minimal role in the offense. To be considered a minimal participant, the defendant must show that he is "plainly among the least culpable of those involved." *United States v. Gadison*, 8 F.3d 186, 197 (5th Cir. 1993). The court adopted the findings in the pre-sentence report, which recommended against the downward adjustment in light of the fact that Montenegro was being held accountable solely for the sixty-one kilograms of cocaine in his possession and not for the acts of others. The district court did not err in concluding that Montenegro failed to prove that he was plainly among the least culpable of those involved in transporting the cocaine found in his possession.

Second, Montenegro argues that he should have received a two-level adjustment to reflect his minor role in the offense. However, he did not raise this contention in the district court. Accordingly, it is reviewed only for plain error. See Dupre, 117 F.3d at 817. Given that sixty-one kilograms of cocaine were found in Montenegro's possession, the district court did not plainly err in denying this adjustment. See U.S.S.G. § 3B1.2, comment. (n.2); United States v. Hare, 150 F.3d 419, 427 (5th Cir. 1998); United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995).

Equally unavailing is Montenegro's contention that the district court erroneously denied him a two-level reduction pursuant to § 2D1.1(b)(6). Given Montenegro's violent efforts to avoid capture and his refusal to disclose any information regarding the drug-trafficking enterprise, including information concerning the passenger in his truck, the district court did not clearly err in concluding that he had failed to satisfy all the criteria set forth in U.S.S.G. § 5C1.2. See U.S.S.G. § 5C1.2; United States v. Vasquez, 161 F.3d 909, 910 (5th Cir. 1998); United States v. Willis, 559 F.2d 443, 444 n.5 (5th Cir. 1977).

Lastly, Montenegro argues that the district court should have granted him a downward departure in light of his willingness to concede deportation. This court lacks jurisdiction to consider this claim, however. The district court clearly indicated at the sentencing hearing that, even if it had the authority to depart based on Montenegro's willingness to concede deportation, it would not do

so.  See United States v. Brace, 145 F.3d 247, 263 (5th Cir.) (en banc), cert. denied, 119 S. Ct. 426 (1998).

Accordingly, Montenegro's conviction and sentence are AFFIRMED.