United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60502
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ALONZO LEE MURPHY, JR

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CR-94-ALL-LS
--------------------

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alonzo Lee Murphy, Jr., appeals his convictions for aiding

and abetting bank robbery and aiding and abetting brandishing a

firearm during a crime of violence. Murphy's half-brother,

Prince John Johnson, and his friend, Duanne Kyle, robbed the

Westland Plaza branch of Trustmark National Bank in Jackson, Ms.

Murphy drove the getaway car in which the robbers left the scene.

Authorities followed a signal from a tracking device hidden in

--------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the loot to a nearby house where they discovered Murphy, Johnson, and Kyle counting the money.

Johnson pleaded guilty and testified against Murphy in an effort to obtain a more lenient sentence. According to Johnson, he and Murphy planned the robbery together, and Johnson obtained the firearms used in the robbery at Murphy's suggestion. Murphy testified that he went to Westland Plaza to seek employment at a grocery store, and that he gave Johnson and Kyle a ride to the shopping center. When Murphy returned to his car after an interview with the store manager and assistant manager, Kyle and Johnson were missing. After a few minutes, Kyle and Johnson ran out of the bank, wearing ski masks and carrying guns and money, and they jumped into Murphy's car. Kyle cocked his gun and ordered Murphy to drive them away. Murphy testified that he did not try to escape or contact the police because he was afraid of Kyle. The assistant manager of the grocery store testified that he did not see or talk to Murphy on the day of the robbery, and that the manager was not at the store that day.

Murphy argues that the jury was not properly instructed and that the evidence is insufficient to convict him because Johnson's self-serving testimony is inherently unbelievable.

Murphy has failed to show that the trial court plainly erred by failing to give the jury a specific instruction that it must find that Murphy knew that Johnson and Kyle possessed firearms and that they intended to use the weapons during the robbery.

United States v. McClatchy, 249 F.3d 348, 357 (5th Cir.), cert. denied, 534 U.S. 896 (2001).  The trial court did not abuse its discretion by denying Murphy's request for a jury instruction on the elements of the offense of accessory after the fact.  United States v. Willis, 559 F.2d 443, 444-45 (5th Cir. 1977); see also United States v. Pennington, 20 F.3d 593, 600 (5th Cir. 1994). Because Murphy did not renew his motion for judgment of acquittal at the close of the evidence, we review his challenge to the sufficiency of the evidence for plain error and find none.  The evidence supports Murphy's conviction.  See United States v. Robles-Pantoja, 887 F.2d 1250, 1254-55 (5th Cir. 1989).

AFFIRMED.